**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ZSAQUEL TURRENTINE, INDVIDUALLY AND AS PARENT AND NEXT FRIEND OF BRYAN TURRENTINE, A MINOR, *Plaintiff*, v. DISTRICT OF COLUMBIA, *et al.*, *Defendants*. | Civil Action No. 26-01795 (ACR) |

**DEFENDANT DISTRICT OF COLUMBIA PUBLIC**
**SCHOOLS AND DISTRICT OF COLUMBIA'S NOTICE OF**
**INTENT TO FILE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Under the Court's Standing Order in Civil Cases [4], Defendants District of Columbia

(the District) and District of Columbia Public Schools (DCPS)[1] submit this notice of intent to file

a Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff alleges on or about May 23, 2024, District of Columbia Public Schools (DCPS) teacher

Quanae Briscoe instructed a student to assault Plaintiff's child. Compl. ¶¶ 5, 13 [1]. The District

and DCPS seek dismissal of all claims. *See* Compl. [1].

**I.      Plaintiff Cannot Sue DCPS or its Staff in their Official Capacities.**

A "suit against a state official in his or her official capacity is . . . a suit against the

official's office." *Will v. United States*, 491 U.S. 58, 71 (1989). Accordingly, the official

capacity claims against Briscoe and Trahan should be construed as duplicative claims against the

---

[1]      Individual Defendants Quanae Briscoe and Jaimee Trahan are represented by the undersigned. However, Plaintiff has not effectuated proper service on these Defendants to-date. Therefore, this Notice is on behalf of the District and DCPS only.

District.  Moreover, DCPS is *non sui juris* and cannot be sued; the proper party is the District. *Blue v. District of Columbia*, 850 F. Supp. 2d 16, 22 (D.D.C. 2012), *aff'd*, 811 F.3d 14 (D.C. Cir. 2015).

**II.    Plaintiff Cannot Maintain a Claim of Assault and Battery Claim.**

Employer liability "under the doctrine of *respondeat superior*" requires "the employee's transgressing conduct [to] be within his scope of employment." *Doe v. Sipper*, 821 F. Supp. 2d 384, 387 (D.D.C. 2011).  Plaintiff does not plead that Briscoe's alleged assault and battery fell within the scope of her employment.  *See* Compl. ¶¶ 32–36 [1].  Plaintiff makes a bare assertion that the alleged incident was "not so unrelated to Briscoe's supervisory function." *Id.* ¶ 35. Moreover, Plaintiff fails to plead facts to support the elements of assault.  *See id*. ¶¶ 32–36.

**III.   Plaintiff Cannot Maintain An Intentional Infliction of Emotional Distress Claim.**

Intentional infliction of emotional distress (IIED) requires a demonstration that the defendant engaged in "extreme and outrageous conduct" that "intentionally or recklessly . . . cause[d] the plaintiff severe emotional distress." *Bodoff v. Islamic Republic of Iran*, 424 F. Supp. 2d 74, 85 (D.D.C. 2006).  Conducting an investigation, finding Plaintiff's allegations unfounded, and denying liability, Pl.'s Compl. ¶ 48 [1], is not "extreme and outrageous" conduct.  Nor may Plaintiff Turrentine sustain this claim on her own behalf, as the alleged outrageous conduct is the alleged *attempt* to interview her son without her present and the District's communication of denial of liability.  *Id.* ¶ 50.  Plaintiff does not allege the District's investigation was intentionally or recklessly conducted to distress Plaintiff.

**IV.   Plaintiff's Constitutional Claim (Count V) Against the District and DCPS Fails.**

Plaintiff's claim under the Fourteenth Amendment fails because "the 14th Amendment . . . does not apply to the District of Columbia." *Williams v. District of Columbia*, 174 F. Supp. 3d 410, 413 (D.D.C. 2016) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499) (1954)).  Moreover, under

*Monell v. Dep't of Soc. Servs.*, Plaintiff must allege that a policy, custom, or practice caused the alleged constitutional violation.  436 U.S. 658, 694 (1978).  Given that Plaintiff alleges as part of her *Monell* claim that an earlier alleged "teacher-caused assault at her school," Compl. at ¶ 56 [1], occurred in April 2024, less than one month before the incident at issue, and the same counsel filed suit about the April incident earlier in this Court, *Brown v. District of Columbia*, 25-cv-1415-BAH, the Office of Attorney General is considering seeking consolidation in *Brown.*

In support of the *Monell* claim, Plaintiff offers only the prior alleged April assault by a different teacher, the alleged assault and battery by Briscoe, and the District's actions in response to those two events.  *See id*.  These fall short of the requisite deliberate indifference showing.

V.     **Plaintiff Cannot Maintain Her Negligence Claims (Counts II, III, and VI).**

Courts may reject attempts to reframe a single course of conduct into multiple, overlapping legal claims.  *See District of Columbia v. Chinn*, 839 A.2d 701, 707 (D.C. 2003).  An intentional act—Briscoe's alleged assault and battery—cannot be the basis of a negligence claim, and Plaintiff's negligent supervision and training allegations in Count II are duplicative of the allegations found in Count III.

Plaintiff's Count VI alleges a breach of a duty of care, which is not a standalone claim, but instead an element of negligence.  Furthermore, Plaintiff bases her claim on D.C. Code § 38-102, which merely provides general policies for the Board of Education, not a duty of care.

Nor should Count III survive.  "Liability for negligent . . . supervision arises when an employer" has actual or constructive knowledge that "'its employee behaved in a dangerous or otherwise incompetent manner'" yet despite that knowledge "'failed to adequately . . . supervise the employee." *Godfrey v. Iverson*, 559 F.3d 569, 571 (D.C. Cir. 2009) (internal cites omitted); *see also Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 21 (D.D.C. 2018) (negligent

retention); *Spiller v. District of Columbia*, 302 F. Supp. 3d 240, 254 (D.D.C. 2018) (negligent training).  But Plaintiff's negligent training, supervision, and retention claims do not rest on the employer's knowledge of Briscoe's prior conduct before the incident involving Plaintiff. Instead, they are based on an alleged April 2024 assault involving a different teacher.  *See* Compl. ¶ 40 [1].  A solitary alleged assault involving *another* teacher and *another* student does not suffice.  Plaintiff's conclusory statement that Briscoe's continued employment caused Plaintiff "continuing harm" after the alleged assault and battery cannot establish negligent retention.

## VI.    <u>Fraudulent Concealment Is an Equitable Doctrine, Not a Standalone Tort.</u>

Fraudulent concealment is an equitable tolling doctrine, not a standalone tort claim.  *See Onyeneho v. Allstate Ins. Co.*, 80 A.3d 641, 647 (D.C. 2013); *see also Heyer v. Schwartz & Associates PLCC*, 319 F. Supp. 3d 299, 306 (D.D.C. 2018) (the defendant must have made "a [material] false statement or omitted a fact that he had a duty to disclose.").  Disagreement of opinion does not transmute a position statement into a "false statement" of material fact.  *See* Compl. ¶¶ 64–65 [1].

## VII.    <u>D.C. Code § 12-309 Bars All Tort Claims, including Negligent Misrepresentation and Fraudulent Concealment, Negligent Training, Supervision and Retention, and Intentional Infliction of Emotional Distress Claims.</u>

Plaintiff did not provide the requisite notice under D.C. Code § 12-309 for at least the following claims against the District:  negligent misrepresentation and fraudulent concealment, negligent training, supervision and retention, and intentional infliction of emotional distress based on any written notice provided to the District, or the notice was untimely.  In addition, Plaintiff did not provide notice of any of her individual capacity claims against the District.

Date:  July 2, 2026                    Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ George Eppsteiner*
GEORGE EPPSTEINER [90036366]
Chief, Section I
Civil Litigation Division

*/s/ Daniel Cooper*
JESSICA KRUPKE [1019967]
DANIEL COOPER [90038919]
Assistant Attorneys General
Civil Litigation Division, Section I
400 6th Street, NW
Washington, D.C. 20001
(202) 727-2125; (202) 550-1643
jessica.krupke@dc.gov; daniel.cooper@dc.gov

**Counsel for Defendant District of Columbia**

5