**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

---

ZSAQUEL TURRENTINE, individually and as parent
and next friend of BRYAN TURRENTINE, a minor,

      Plaintiff,

      v.                                      Civil Action No.: 1:26-cv-1795

DISTRICT OF COLUMBIA, a municipal
corporation; DISTRICT OF COLUMBIA PUBLIC
SCHOOLS (DCPS); QUANAE BRISCOE,
in her official and individual capacity;
and PRINCIPAL JAIMEE TRAHAN, in her individual
and official capacity,
1350 Pennsylvania Ave, NW
Washington, DC 20004

      Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF INTENT**
**TO FILE MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Section II(f) of the Court's Standing Order for Civil Cases (Pre-Motion

Conference), Plaintiff Zsaquel Turrentine, individually and as parent and next friend of Bryan

Turrentine ("Plaintiff"), submits this response to the Notice of Intent to File Motion to Dismiss

filed by Defendants District of Columbia and District of Columbia Public Schools (ECF No. 5, the

"Notice"). Plaintiff addresses each ground identified in the Notice below, using the same

numbering.

**I. Official Capacity Claims**

Plaintiff does not oppose dismissal of the official-capacity claims against Defendants

Briscoe and Trahan as duplicative of the claims against the District. See *Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 71 (1989). To be clear, Briscoe and Trahan are sued in their individual capacities under Counts I, II, and IV (assault and battery, negligence, and intentional infliction of emotional distress), and in their individual capacities only under Count V, see Compl. ¶ 53. This concession therefore reaches only the official-capacity component of Counts I, II, and IV as against Briscoe and Trahan; it has no effect on any individual-capacity claim against either of them, and no effect on any claim against the District and DCPS, all of which remain squarely at issue.

## II. Assault and Battery (Count I)

Plaintiff opposes dismissal. The Complaint alleges that Briscoe was on duty, in her assigned supervisory role, actively managing a student altercation — not engaged in a personal frolic — when she directed the punch. Compl. ¶¶ 11–13, 35. Under D.C. law, whether an employee's tortious act falls within the scope of employment is ordinarily a question of fact where, as pleaded here, the conduct arose in the course of an assigned supervisory task, even if the manner chosen was excessive or wrongful. See *Boykin v. District of Columbia*, 484 A.2d 560, 561–62 (D.C. 1984). Defendants' authority does not establish otherwise as a matter of law at the pleading stage, and the fact-bound nature of the scope-of-employment inquiry is a reason to deny dismissal, not grant it.

Defendants' assertion that Plaintiff fails to plead the elements of assault is likewise unsupported. The Complaint alleges that Briscoe directed another student to strike Bryan and that the student did so — an intentional, harmful, offensive touching carried out at Briscoe's direction — and that Briscoe first instructed Bryan to lower the very defenses he had raised, placing him in imminent apprehension of the contact that followed. Compl. ¶¶ 13, 33–34. Nothing more is required at this stage.

### III. Intentional Infliction of Emotional Distress (Count IV)

Plaintiff opposes dismissal, at minimum as to Defendant Briscoe. A teacher's calculated, in-person direction to one six-year-old to strike another, issued immediately after said teacher disabled the victim's defensive posture, is conduct a factfinder could conclude goes beyond all bounds of decency tolerated in a civilized society — per the [Defendants' cited] standard. See *Waldon v. Covington*, 415 A.2d 1070, 1076 (D.C. 1980); Compl. ¶¶ 48–49. Whether the institutional Defendants' post-incident conduct and Ms. Turrentine's individual claim independently satisfy that standard is a question that Plaintiff will address in full should Defendants proceed with the motion; Plaintiff does not concede that either theory fails as a matter of law on this record.

### IV. Section 1983 Claim (Count V)

Plaintiff agrees that the Fourteenth Amendment does not, of its own force, apply to the District, *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954), and will amend Count V to invoke the Fifth Amendment's Due Process Clause, which supplies the same substantive protection against government conduct that shocks the conscience, *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998), and the same equal-protection component recognized in Bolling. This is a correction to the constitutional label; it does not change the operative facts or the governing legal standard already pleaded, and Section 1983 itself applies to persons acting under color of District of Columbia law without regard to this correction.

Plaintiff opposes dismissal of the Monell claim. The Complaint alleges more than a single prior incident: (a) a materially identical assault by a different teacher, overseen by the same principal, roughly thirty days earlier, Compl. ¶¶ 25–26; (b) a custom of retaining employees accused of student abuse pending review, evidenced by both teachers remaining employed after

their respective incidents, id. ¶ 57(b); and (c) a custom of using self-conducted investigations to reach predetermined exculpatory findings notwithstanding corroborated witness accounts, applied identically in both incidents, id. ¶ 57(c). These are independent theories — failure to train, a custom of non-removal, and a custom of concealment — not solely dependent on notice from a single prior incident, and together they plausibly allege deliberate indifference under *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Plaintiff is aware of *Brown v. District of Columbia*, No. 25-cv-1415 (BAH), and consents to consolidation of the cases.

### V. Negligence Claims (Counts II, III, and VI)

Count II is expressly pleaded in the alternative to Count I, as Rule 8(d)(2)–(3) permits, Compl. ¶ 38, and is not deficient merely because Count I also survives. That said, Plaintiff is willing to consolidate the training, supervision, and retention allegations currently divided between Counts II and III into a single negligent supervision, training, and retention count on amendment, which will eliminate the overlap Defendants identify.

Plaintiff does not oppose dismissal of Count VI as a standalone cause of action. Breach of duty is properly an element of negligence rather than an independent claim, and Plaintiff will fold the in loco parentis duty theory into the amended negligence count rather than plead it as a separate count. Plaintiff maintains that D.C. schools owe students attending school-sponsored programs a heightened duty of care under the in loco parentis doctrine, and will ground that argument in the common-law doctrine rather than in § 38-102 alone.

### VI. Fraudulent Concealment / Negligent Misrepresentation (Count VII)

Plaintiff agrees that fraudulent concealment is an equitable tolling doctrine rather than an independent D.C. tort, *Onyeneho v. Allstate Ins. Co.*, 80 A.3d 641, 647 (D.C. 2013), and will amend Count VII to proceed solely on a theory of negligent misrepresentation, which D.C.

4

recognizes as a standalone tort. See *Hercules & Co. v. Shama Rest. Corp.*, 613 A.2d 916, 923 (D.C. 1992). As amended, the count will allege that the District's March 20, 2025 "unfounded" finding was communicated without reasonable grounds for believing it true, in the face of the corroborated and internally consistent accounts of Bryan, his mother, and a witness teacher already described in the Complaint, and that Plaintiff relied on that finding to her detriment.

**VII. D.C. Code § 12-309**

Plaintiff does not concede that notice was insufficient or untimely as to any claim. Section 12-309 requires notice of the approximate cause and circumstances of the injury; it does not require the claimant to anticipate every legal theory a claim will ultimately take. The October 23, 2024 notice and the December 20, 2024 supplemental demand and evidence-preservation letter — both already in Defendants' possession — described the assault, the District's ongoing investigation into it, and the family's dealings with DCPS and the investigator concerning that investigation. Plaintiff submits that the negligent misrepresentation claim, which arises from the District's handling of that same investigation, is fairly encompassed within that notice, and that the negligent training, supervision, and retention and intentional infliction of emotional distress claims arise from the same underlying occurrence and circumstances described therein. Because this argument turns in part on the specific content of the notice and supplemental letter, Plaintiff reserves full briefing of this issue for her opposition should the motion be filed.

**Conclusion**

For the foregoing reasons, several of the grounds identified in the Notice are appropriately resolved by the amendments described above rather than by motion practice. Plaintiff respectfully submits that a pre-motion conference should focus on the remaining disputed issues — the scope-of-employment and IIED claims against Briscoe, the Monell claim, and the sufficiency of the §

5

12-309 notice — and that Plaintiff will file an amended complaint incorporating the changes described herein per FRCP 15 within 21 days of the filing of a motion to dismiss.

Respectfully submitted,

ZSAQUEL TURRENTINE, individually and as parent and next friend of BRYAN TURRENTINE, a minor,

By Counsel,

*/s/ Christopher E. Brown*

_____
Christopher E. Brown, Esq. (Bar No. 458897)
THE BROWN FIRM PLLC
526 King St., Suite 213
Alexandria, Virginia 22314
Voice: 703-924-0223 | Fax: 703-997-2362
cbrown@brownfirmpllc.com
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Court's E-Filing system on this 31st day of July, 2026, which will send notice and a copy hereof to all registered users.

*/s/ Christopher E. Brown*

_____
Christopher E. Brown, Esq.

6